IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAURA DUGAN                                                                           PLAINTIFF

vs.                              Civil No. 6:08-cv-06112

MICHAEL J. ASTRUE                                                  DEFENDANT
Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

Laura Dugan ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. **Background:**

Plaintiff filed her application for DIB on January 18, 2006. (Tr. 8B, 41-47). Plaintiff alleged she was disabled due to chronic neck and back pain, hip and ankle pain, severe headaches, right arm pain, degenerative joint disease, fibromyalgia, hypertension, acid reflux, depression, and high blood pressure. (Tr. 57, 64). Plaintiff alleged an onset date of October 31, 2002. (Tr. 41). This application was initially denied on May 26, 2006 and was denied again on reconsideration on

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

January 26, 2007. (Tr. 22-24). On February 8, 2007, Plaintiff requested an administrative hearing on her application. (Tr. 35). This hearing was held on April 15, 2008 in Hot Springs, Arkansas. (Tr. 403-442). Plaintiff was present and was represented by counsel, Shannon Carroll, at this hearing. *See id.* Plaintiff, Vocational Expert ("VE") David Elmore, and Ricky Dugan (Plaintiff's husband) testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her GED. (Tr. 406-407).

On August 14, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 8B-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2011. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 31, 2002, her alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments: cervical spondylosis with facet syndrome, degenerative disc disease, chronic pain syndrome, hypertension, and depression. (Tr. 11-12, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-15, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible. (Tr. 13-15). Second, the ALJ determined, based upon the review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is limited to lifting 20 pounds occasionally and ten pounds frequently with standing and walking limited to six hours in an eight hour workday. Sitting is limited to six hours in an eight hour workday. Due to pain and situational depression the claimant is limited to unskilled work. Interpersonal contact is incident to work performance with tasks learned by rote, requiring little judgment and little supervision required to routine tasks but detailed supervision is required for non-routine tasks.

(Tr. 13-15, Finding 5).

The ALJ then evaluated Plaintiff's PRW. (Tr. 15, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 403-442). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a donut store clerk/manager, retail clerk, and food manager. (Tr. 15, Finding 6). Considering her RFC, the ALJ determined Plaintiff was unable to perform any of this PRW. *See id.* The ALJ then evaluated whether, considering her age, education, work experience, and RFC, Plaintiff would to be able to perform other work existing in significant numbers in the national economy. (Tr. 16, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 436-441). Specifically, the VE testified that given all these factors, a hypothetical person would be able to perform work as a cashier (960,000 such jobs in the national economy), as an escort driver (133,000 such jobs in the national economy), and as a product assembler (57,000 such jobs in the national economy). (Tr. 16). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 31, 2002 through the date of his decision or through August 14, 2008. (Tr. 16, Finding 10).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On October 14, 2008, the Appeals Council declined to review this unfavorable decision. (Tr. 2-4). On December 11, 2008, Plaintiff filed the present

appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on December 30, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 8-9). This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

4

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record as a whole. (Doc. No. 8, Pages 1-17). Specifically, Plaintiff claims the ALJ failed to evaluate the severity of her chronic pain, swelling, numbness, and tingling associated with diabetic neuropathy of her hands, feet, arms, and legs. *See id.* Plaintiff claims the ALJ erred by discrediting her subjective complaints and concluding she retained the RFC for light work. *See id.* Plaintiff also claims the ALJ erred in failing to pose a proper hypothetical to the VE

5

that included all of her limitations. *See id.* In response, Defendant argues the ALJ properly developed the record and that his RFC determination is supported by substantial evidence in the record. (Doc. No. 9, Pages 4-12). Defendant argues the ALJ properly considered Plaintiff's subjective complaints of pain. *See id.* at 12-17. Defendant also argues the ALJ properly relied on the VE's testimony in determining Plaintiff was disabled. *See id.* at 17-18. Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address Plaintiff's second argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. The ALJ stated the *Polaski* factors (Tr. 13-15), but, instead of evaluating those factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ focused entirely upon Plaintiff's medical records and noted the following:

> After reviewing the overall evidence, the undersigned acknowledges that the claimant has some limitation of function from the combination of her impairments; however, her allegations of total disability are not supported by the medical evidence of record.
> . . .

(Tr. 14). Notably, the ALJ did not consider Plaintiff's daily activities and the fact that those limited daily activities *support* her claims of disability. (Tr. 14). The ALJ also did not consider Plaintiff's nineteen-year work history and the fact that such a solid work history *supports* her claims of disability. (Tr. 13-15).

In this case, Plaintiff claims she is disabled due to chronic pain and fibromyalgia. (Tr. 57, 64). Both of conditions often come with little medical proof, and many times the bulk of the proof

comes from the testimony of the claimant. Accordingly, because the bulk of Plaintiff's proof of her alleged disability is from her complaints of pain and such complaints are subjective by their very nature, it is very important for the ALJ to properly consider those complaints and the *Polaski* factors before summarily discounting those complaints. Accordingly, because the ALJ's lack of analysis is entirely insufficient under *Polaski*, this case must be reversed and remanded for further consideration consistent with *Polaski*.[3]

Furthermore, upon remand, the ALJ should also determine if Plaintiff's case is barred by the doctrine of *res judicata*. Based upon the record, it appears Plaintiff previously applied for disability, was denied, but never appealed the denial of that claim. (Tr. 20). The ALJ did not mention this previous application in his opinion (Tr. 8B-17), and it is unclear whether Plaintiff's current application should be barred by *res judicata*. On remand, the ALJ should address this issue further.

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of January, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3]This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski* and to address the *res judicata* issue. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.